UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERMAN RESNICK,

          Petitioner,

  v.

UNITED STATES OF AMERICA,

          Respondent.
_____/

No. C 07-02885 MHP
[CR 03-00023 MHP]

**MEMORANDUM & ORDER**
**Re: Petitioner's Motion for Relief Under 28 U.S.C. section 2255**

On September 22, 2003 this court sentenced petitioner Herman Resnick to a prison term of 188 months for armed bank robbery in violation of 18 U.S.C. sections 2113(a) and (d). On June 8, 2004 this court reduced petitioner's sentence to a term of 130 months. On June 4, 2007 petitioner filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. section 2255. Upon consideration of that motion, the court ordered respondent to answer petitioner's claims. Respondent timely filed an answer on October 19, 2007. Having considered the arguments and submissions of the parties and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

On September 22, 2003 petitioner was sentenced to a prison term of 188 months in accordance with a guilty plea agreement. Opp. Exh. A (hereinafter "Plea Agreement"). At the time of sentencing, the government had pending a Motion for Departure pursuant to United States Sentencing Guidelines section 5K1.1. The court held a hearing on that pending motion on May 10, 2004. Resnick requested to be present at the hearing, and the court declined his request pursuant to

Federal Rule of Criminal Procedure 43(b)(4). On June 8, 2004 this court granted the government's motion for departure on the basis of Resnick's substantial assistance to the government in another case. The court granted a downward departure of four levels to Level 27 of the Sentencing Guidelines. The resulting guidelines range, based on Resnick's criminal history, was 130 to 162 months. The court reduced Resnick's sentence to 130 months. An amended judgment was entered on August 27, 2004. Resnick filed a notice of appeal on October 1, 2003, signaling his intent to challenge the sentence of 188 months imposed on September 22, 2003 on the basis that the court had improperly sentenced him while the government's downward departure motion was pending. The Ninth Circuit issued its order on March 8, 2006 dismissing the appeal for lack of jurisdiction. Resnick filed a petition for certiorari with the Supreme Court, which the court denied on June 12, 2006. Resnick then filed this section 2255 motion on June 4, 2007, asking the court to vacate, set aside or correct his sentence in light of an alleged denial of effective assistance of counsel.

Although Resnick advanced four arguments in his section 2255 motion, this court determined that just two of those arguments—both related to an alleged denial of petitioner's Sixth Amendment right to effective assistance of counsel—raised cognizable claims. See Docket No. 2 at 4. Petitioner's ineffective assistance of counsel claims contend that: 1) his counsel allegedly and incorrectly promised that petitioner would receive the benefits of the sentencing reduction under section 5K1.1 and Rule 35 prior to sentencing; and 2) his counsel prejudiced petitioner by waiving petitioner's right to meet with the probation officer who drafted his Presentence Report.

LEGAL STANDARD

I.  Section 2255

Pursuant to section 2255, a petitioner sentenced by a federal court may move to vacate, set aside or correct his or her sentence. 28 U.S.C. § 2255. The federal habeas statute allows a prisoner in federal custody to challenge the imposition or the length of the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack." Id. If any of these four grounds exist, the court "shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

A petitioner has one year to file a section 2255 motion from the latest of: 1) the date on which his judgment of conviction became final; 2) the date on which an impediment to filing the motion, created by a governmental action, was removed; 3) the date on which the right asserted was first recognized by the Supreme Court; or 4) the date on which, through due diligence, the facts supporting the claim(s) could have been discovered. Id.

II.     Sixth Amendment

The Sixth Amendment guarantees that defendants are "entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair." Strickland v. Washington, 466 U.S. 668, 685 (1984). A petitioner bringing a habeas corpus petition alleging a violation of this Sixth Amendment right to counsel must demonstrate that: 1) "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and 2) "the deficient performance prejudiced the defense." Id. at 687. On the first prong, the court "indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; United States v. Palomba, 31 F.3d 1456, 1466 (9th Cir. 1994). In the Ninth Circuit, a showing of "gross error" is necessary in order to prove that counsel violated a petitioner's Sixth Amendment rights. Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002) (citing McMann v. Richardson, 397 U.S. 759, 771 (1970)).

Given the difficulty inherent in judging the competence of counsel, the Supreme Court directs courts to first examine whether a petitioner has satisfied the second prong in Strickland—demonstration of sufficient prejudice. Strickland, 466 U.S. at 697. Petitioner bears the burden of proof to show that a "reasonable probability" exists that, but for counsel's errors, the outcome of the proceedings would have been different. Id. at 694. Reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

3

1    A petitioner alleging a section 2255 claim for ineffective assistance of counsel is entitled to
2 an evidentiary hearing if the court, assuming the truth of the factual allegations, determines that he
3 could prevail on the merits. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994). A
4 petitioner's failure to allege facts sufficient to support both prongs of Strickland will result in
5 dismissal of his claims without the need for an evidentiary hearing. United States v. Birtle, 792 F.2d
6 846, 849 (9th Cir. 1986).

8 DISCUSSION
9 I.    Counsel's Alleged Promise that Petitioner Would Receive a Reduced Sentence
10   In his first claim, petitioner argues that his Sixth Amendment right to effective counsel was
11 violated because his counsel allegedly deceived petitioner about the sentence he would receive.
12 Petitioner contends that prior to his acceptance of the Plea Agreement, his attorney promised him
13 that he would receive a sentence reduction under section 5K1.1, shortening his sentence to 77-
14 months. Petitioner argues that without this alleged promise from counsel, he would not have agreed
15 to the Plea Agreement, which suggested 188 months as an appropriate sentence.
16   Petitioner's statements under oath at the time of sentencing directly conflict with his current
17 claim. Petitioner stated, "No, your honor" when the court asked if anyone had made any promises to
18 petitioner that were not reflected in the plea agreement. Opp. Exh. B, Reporter's Transcript of May
19 5, 2003 (hereinafter "5/5/2003 RT") at 10:11–13. Further, petitioner stated that he understood that a
20 sentence reduction was speculative and would depend on whether the government later filed a 5K1.1
21 motion. Id. at 9:2–20. Petitioner said that the court was "correct" to conclude that a 5K1.1 motion
22 could be filed after sentencing. Id. These statements in court comport with the terms of the Plea
23 Agreement, wherein petitioner declared, "I agree that the government's decision whether to file a
24 motion pursuant to USSC § 5K1.1 . . . is based on [the government's] sole and exclusive decision of
25 whether I have provided substantial assistance." Plea Agreement, ¶ 10.
26   In light of these statements, petitioner's claims are without merit. Petitioner waived his right
27 to bring an ineffective assistance of counsel claim on this specific issue when he stated under oath

4

1  that no one had made any promises to him that were not reflected in the Plea Agreement. 5/5/2003
2  RT at 10:11–13. Petitioner's statements in court demonstrate that he was fully informed about the
3  length of his sentence and the fact that any reduction in his sentence pursuant to a section 5K1.1
4  motion would not be considered as part of the Plea Agreement. Id. at 9:2–20. Notably, too,
5  petitioner is not a novice to the plea bargaining process. Id. at 4:21–25.

6  Furthermore, petitioner supports his claim about his reliance on counsel's alleged promise of
7  a reduced sentence with nothing more than his own self-serving testimony. One of petitioner's
8  lawyers, Walter F. Brown, Jr., directly contradicts petitioner's claim. Brown stated that petitioner's
9  counsel "did not advise [petitioner] that he would receive a specific sentence." Opp. Exh. E, Brown
10 Dec., ¶ 5. Brown added that counsel "specifically explained that the decision whether to make a
11 motion for a downward departure, and the extent of any such departure, were within the sole
12 discretion of the United States Attorney's Office." Id. In light of Brown's contradictory assertions,
13 petitioner cannot support his ineffective assistance of counsel claim solely on the basis of his own
14 self-serving allegations. To hold otherwise would invite an onslaught of frivolous petitions seeking
15 to invalidate plea agreements on the basis of alleged and unsubstantiated promises made by counsel.

17 II.    Meeting with the Probation Officer

18 Petitioner next contends that his Sixth Amendment right to effective assistance of counsel
19 was violated because counsel waived petitioner's right to meet with the probation officer who
20 drafted petitioner's Presentence Report. Petitioner argues that had he met with the probation officer,
21 he might have been able to convince the probation officer to recommend a lesser sentence.
22 Petitioner suggests that the details of his family life and childhood might have enabled him to sway
23 the probation officer's opinion about appropriate sentencing.

24 Prior to his sentencing, petitioner took advantage of the opportunity to comment on the
25 Presentence Report. One of his lawyers stated in his declaration that petitioner made "extensive
26 written comments and corrections to the Presentence Report." Id., ¶ 7. However, in the course of
27 this extensive review of the Presentence Report, petitioner made no objections, corrections or

5

comments to paragraph eight of the report, which stated that petitioner's attorney waived petitioner's presence interview with the Probation Department. Id. Petitioner's decision not to object to the waiver in the presentence report was consistent with his prior statements and written correspondence that indicated to counsel that he did not wish to be interviewed by the probation officer who drafted the Presentence Report. Id., ¶ 6.

Petitioner's failure to object to counsel's waiver of the presentence interview when he received the Presentence Report or during sentencing suggests that his complaint has been waived. Addressing petitioner's claim on the merits, however, the court observes no prejudice from petitioner's failure to participate in a presentence interview with the Probation Office. The probation officer who drafted the Presentence Report considered petitioner's family life and childhood—the factors petitioner now suggests were relevant—along with additional personal factors including petitioner's physical challenges, mental health, history of substance abuse and education and vocation background. See United States of America v. Resnick, CR 03-00023 MHP, Presentence Report at ¶¶ 42–57.

Specifically, the Presentence Report discusses the fact that petitioner's father had an extensive criminal record and left his family when petitioner was two years old. Id., ¶ 42. Subsequent to that event, petitioner was raised with the help of his grandmother because his mother had to work in order to support herself and her child. Id. Petitioner's grandmother suffered from rickets and wore leg braces while she cared for petitioner. Id. The Report states that petitioner's mother re-married when petitioner was ten years old and also mentions the problems between petitioner and his step-father, which caused petitioner, on occasion, to leave the home. Id. The Report goes on to discuss petitioner's three marriages and his three children—one from each marriage—with whom he has no current contact whatsoever. Id., ¶ 43. Petitioner's argument that he may have been able to convince the probation officer for a downward departure based upon the fact that he was left alone for ten years during his childhood is consequently without merit since the probation officer was aware of this information and incorporated the same into the Presentence Report.

Petitioner then had an opportunity to comment on the Presentence Report and its discussion of these various personal factors. Brown Dec., ¶ 7. Given these two factors—the report's inclusion of petitioner's personal history and petitioner's opportunity to comment on the report's discussion of his background—the probation officer had a sufficient opportunity to reflect on how petitioner's background should influence the sentencing recommendation. As a result, petitioner has not met his burden to show that a "reasonable probability" exists that, but for counsel's alleged error, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 697.

Without a sufficient showing of prejudice, the court need not consider the competence of petitioner's counsel. Id. at 694.

CONCLUSION

On the factual record and for the reasons stated above, an evidentiary hearing on this matter is unnecessary. Petitioner's motion for relief is DENIED.

IT IS SO ORDERED.

Dated: 5/6/2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California